IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| PRINCE SPORTS, INC., et al.,[1] | ) | Case No. 12-11439 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | *Related To Docket No. 4* |

**ORDER AUTHORIZING THE DEBTORS' TO (I) PAY PREPETITION EMPLOYEE WAGES, SALARIES AND OTHER COMPENSATION; (II) CONTRIBUTE TO AND HONOR PREPETITION EMPLOYEE BENEFIT PLANS AND CONTINUE SUCH PROGRAMS IN THE ORDINARY COURSE AS SET FORTH IN THE MOTION; AND (III) MAKE DEDUCTIONS FROM EMPLOYEES' PAYCHECKS FOR, AMONG OTHER THINGS, CERTAIN EMPLOYEE BENEFIT PLANS AND PAYROLL TAXES; AND (B) AUTHORIZING BANKS AND OTHER FINANCIAL INSTITUTIONS TO PAY ALL CHECKS AND ELECTRONIC PAYMENT REQUESTS MADE BY THE DEBTORS RELATING TO THE FOREGOING**

Upon consideration of the motion ("Motion") of the above-referenced Debtors and Debtors in possession (the "Debtors") in the above-captioned Chapter 11 cases (the "Chapter 11 Cases") for the entry of an order (the "Order"), pursuant to sections 105(a), 363, and 507(a) of Title 11 of the United States Code (the "Bankruptcy Code"), authorizing, but not requiring, the Debtors to (i) pay wages, salaries, commissions, and other compensation earned prior to the Petition Date but remaining unpaid as of the Petition Date, (ii) pay any unpaid prepetition amounts due regarding and honor on a postpetition basis certain of the Debtors' employee medical and similar benefits and programs in the Debtors' discretion, (iii) pay reimbursable

---

[1] The Debtors in these Chapter 11 Cases and the last four digits of each Debtors' federal tax identification numbers are: Prince Sports, Inc. (3936); Prince Sports Holdings, LLC (4436); Prince Sports Management Holdings, LLC (0407); and Prince Sports Acquisition Holdings Corporation (0819). The location of the Debtors' headquarters and the service address for each of the Debtors is 1 Advantage Court, Bordentown NJ, 08505.

employee expenses incurred prior to the Petition Date but remaining unpaid as of the Petition Date; (iv) remit and pay any and all local, state and federal withholding and payroll-related or similar taxes relating to prepetition periods and other withholding obligations; and (v) for other related relief as set forth herein; and it appearing that the relief requested is in the best interest of the Debtors' estate, its creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), and (O); and it appearing that the requirements of Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure have been satisfied; and due and adequate notice of the Motion having been given under the circumstances; and after due deliberation and cause appearing therefore; it is hereby:

ORDERED that the Motion is GRANTED;[2] and it is further

ORDERED that the Debtors are authorized, but not directed, to pay and/or honor the Employee Obligations, in accordance with the Debtors' stated policies and in the ordinary course of the Debtors' business with respect to Employees as set forth in the Motion, only to the extent that such amounts have accrued but are unpaid as of the Petition Date, subject to the following limits:

| Category | Cap |
|---|---|
| Unpaid Wages | $180,000.00 |
| Withholdings | $18,500.00 |
| Reimbursable Expenses | $20,000.00 |

---

[2] All capitalized terms not otherwise defined herein are defined in accordance with their usage in the Motion.

| | |
|---|---|
| Corporate Credit Card | $3,500.00 |
| ADP Fees | $3,450.00 |
| Medical Insurance | $47,692.53 |
| Executive Healthcare Reimbursement Insurance | $3,500.00 |
| Dental Insurance | $4,132.57 |
| Vision Insurance | $420.29 |
| Life Insurance | $2,047.56 |
| Long Term Disability Insurance | $878.07 |
| Legal Assistance Plan | $73.73 |
| FSA Administration and Claims | $5,289.00 |
| 401(k) Fees | $1,100.00 |
| Short Term Disability | $14,924.19 |

ORDERED that the Debtors are authorized, but not directed, to make payments to applicable third parties from Withholdings and in respect of the Health Care Benefit Programs and Employee Insurance Programs, in the Debtors' ordinary course of business, as set forth in the Motion; and it is further

ORDERED that in accordance with this Order and any other order of this Court, the banks and financial institutions at which the Debtors maintain its accounts are authorized to honor checks presented for payment, and to honor all fund transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in such accounts; and it is further

ORDERED that the Debtors are authorized to pay all processing and administrative fees associated with payment of the Employee Obligations; and it is further

ORDERED that no payments to any Employee on account of pre-petition Unpaid Wages will exceed the $11,725 cap per Employee provided under sections 507(a)(4) of the Bankruptcy Code without further order of the Bankruptcy Court; and it is further

ORDERED that nothing herein shall be deemed to authorize the payment of any amounts that may be subject to section 503(c) of the Bankruptcy Code; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order, including, but not limited to reissuing wires or checks that may have been dishonored as a result of the bankruptcy filing, to the extent of the limitations set forth in the order approving the Motion; and it is further

ORDERED that, notwithstanding anything to the contrary contained herein, any payment to be made or authorization contained hereunder shall not be deemed to constitute postpetition assumption or adoption of any contract, program, or policy pursuant to section 365 of the Bankruptcy Code and shall not affect the Debtors' right to contest the amount or validity of claims; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: May 2, 2012

The Honorable Kevin J. Carey
United States Bankruptcy Judge